Cohn, J.
(dissenting). It sufficiently appears from the record that the services for which a mandatory injunction was granted by the Special Term-were being received by the tenants on March 1, 1943. Sixteen of the twenty-three plaintiffs paid increases of 15% above the maximum rent which could have been demanded by defendant landlord. As a condition precedent to the approval of such increases, the landlord was required by the area rent office, and did obligate itself, to furnish ancontinue to furnish the same services which had been received by tenants on March 1,1943. On that date plaintiffs were receiving twenty-four-hour front hall service, they were receiving manual operation of the service elevator located in said premi *573 ses, and they were also having delivered to them mail and packages sent to the building. Certainly the first two of these are necessary and vital for the protection of the tenants who would not have become tenants if such services had not been supplied. That the landlord was contractually obligated to furnish them is evidenced by the fact that they were supplied to the tenants on March 1, 1943, and that the landlord had agreed as a condition to receiving an increase of 15% of the rents to the continuation of such services.
I think that a court of equity was warranted in granting the mandatory injunctive relief which was accorded tenants here. This large apartment building, located on Riverside Drive and 99th Street, some twelve stories in height and with hundreds of tenants, is in need of the supervision and protection which these essential services provide for the tenants. The danger to occupants from irresponsible intruders is necessarily great in an immense dwelling of this character. Curtailment of the service requiring the constant attendance of an employee in the lobby and public halls makes possible assaults upon the tenants and leaves their apartments open to risks from mischievous intruders and other marauders. The danger which might result from the elimination of the services of the character here required is, we think, irreparable. In a city like New York, tenants in large apartment buildings such as this require, and by agreement usually receive, the supervision and protection of employees who are constantly on guard in public hallways, passenger elevators and lobbies of buildings. Where, as here, the agreement to furnish such services exists, a failure by the landlord to supply them should be remedied by the power of the court to grant injunctive relief. As tenants have not appealed from that portion of the judgment which denies relief insofar as manual operation of passenger elevators is concerned, that question may not be considered here. To deny injunctive relief in circumstances such as those presented by this record would be most inequitable.
I accordingly dissent and vote to affirm the judgment appealed from in all respects save that I concur with the majority in eliminating the $1,000 counsel fee.
Peck, P. J., and Shientag, J., concur with Van Voobhis, J.; Cohn, J., dissents and votes to affirm in all respects except he concurs with the majority in eliminating the $1,000 counsel fee, in opinion in which Dobs, J., concurs.
Judgment reversed and a new trial ordered.